IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHESTER ARCH REALTY, LLC                                                      PLAINTIFF

v.

Case No. 2:11-CV-02212

KMART CORPORATION                                                              DEFENDANT

## AGREED PROTECTIVE ORDER

Before the Court is Defendant Kmart Corporation's Motion for Entry of Agreed Protective Order (Doc. 22), which is hereby **GRANTED**. Based on the agreement of the parties and pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  This Order shall be applicable to and govern all documents ("documents" includes documents or materials, items, testimony elicited in depositions, or other information, including information produced in electronic format, and also includes any derivative, compilation or summary of any "documents," and the information therein) designated as confidential and produced in this Litigation (the "Litigation") between the Plaintiff and Defendant, and any additional Parties hereafter served, with summons or entering an appearance herein (collectively "Party or Parties"). The documents and any information contained in those documents designated confidential are hereby entitled to the protections of this Order, provided those documents and information contained in such documents which are (a) already of public record at the time this Order is entered, (b) obtainable from independent third parties free of any Party's right or claim of confidentiality, or (c) voluntarily,

but not inadvertently, disclosed or released by either Party, shall not be considered or treated as confidential except as required by this Order.

2. The documents covered by this Order include any document produced by the Parties to the Litigation and any documents produced by third parties pursuant to subpoenas or other document requests by any of the Parties, which are designated confidential under the procedures outlined in this Order.

3. Any Party to this Litigation or any other person who produces or supplies information, documents or tangible items for use in this Litigation in the course of discovery (hereafter "Designating Party" or "Producing Party") may designate as "Confidential" any material that the Party reasonably and in good faith believes constitutes confidential, private, or similarly protected information under applicable statutory or common law; however, nothing in this Order shall be construed as a waiver by any Party of the right to assert a timely, good faith and reasonable objection to production of certain information on the basis that the information sought is confidential, private or similarly protected information under applicable statutory or common law.

4. Documents, information or tangible items which a Party does produce, either voluntarily or by Court Order, and which the Party believes reasonably and in good faith is confidential shall be designated as confidential either by marking "CONFIDENTIAL" on the face of the original or photocopy of the document.

5. Documents and information designated as confidential pursuant to this Order shall not be furnished or disclosed to any person except as provided for herein, and shall be used solely for the purposes of this Litigation and shall not be used for any business or other purpose.

6. Material designated as confidential shall be disclosed only to the following persons:

A.  This Court and its personnel.

B.  Counsel of record in this Litigation, and their respective clients and client representatives or agents who have a "need to know".

C.  Other attorneys employed by the Parties and/or employees of the counsel's law firms to the extent reasonably necessary to render professional services in the Litigation; provided that, prior to disclosure, counsel of record have advised such other attorneys and employees of their obligations under this Order.

D.  Any consultant, investigator or independent expert (collectively, "Expert") who is assisting in the preparation or trial of this Litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance; provided that, prior to disclosure, each such Expert shall execute the Confidentiality Agreement, attached hereto as **Exhibit "A"**.  Counsel of record retaining such Expert shall maintain a copy of each such Agreement during the course of this litigation.

E.  Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to prepare to testify; provided that, prior to disclosure, each such person shall execute the Confidentiality Agreement, attached hereto as **Exhibit "A"**.  Counsel shall maintain a copy of each such Confidentiality Agreement, and shall provide, if requested, a copy of the signed Agreement to counsel for the requesting Parties.  As to any witness shown documents or information designated as confidential, disclosure shall not include the physical transfer to or retention by such individual of any documents or any tangible item containing confidential information, unless that witness is an Expert referred to in subparagraph D above.

F.  Court reporters retained for depositions, hearing or other events in the Litigation; provided that said reporter has been advised of this Order and verbally agrees to be bound by its terms.

G.  Outside copying services; provided that the copying service has been advised of this Order and verbally agrees to be bound by its terms.

7.  Counsel for each Party agrees, acknowledges, and affirms that they shall instruct their respective clients as to the protected nature of all documents or information designated as confidential, and that said documents and their contents shall not be discussed or disclosed to anyone, other than in strict accordance with this Protective Order; and, that the use of any such

documents or information produced in the Litigation in contravention of the terms of this Order may subject the violating entity/entities or individuals to civil action and penalties as may be allowed by law, and any and all remedies deemed appropriate by the Court.

8. Where any documents designated as confidential are included as exhibits to any pleadings, motions, briefs, papers, documents or depositions filed with the Court, unless expressly waived or excused by the Designating Party, such materials shall be placed in a sealed envelope marked with the caption of the case and words that in substance state "Confidential-Subject to Court Protective Order." The materials shall be held under seal.

9. If documents designated as confidential are initially disclosed, or if documents previously designated as confidential are discussed or used as exhibits in a deposition in this case, counsel for the Party claiming such confidentiality may designate them as confidential by (a) so indicating on the record of the deposition, or (b) advising other counsel in the case and notifying the court reporter in writing, within ten (10) days after receiving the transcript of the deposition, of any exhibits and the page and lines of the transcript in which confidential information appears. This written notice shall be served on the deponent, if not a Party. In addition to any document or information designated as confidential pursuant to this Protective Order which is used or shown to the witness during the course of a deposition, the portion of the deposition transcript reflecting the colloquy related to such document or information, or if necessary the entire deposition, may also be designated as confidential as provided in the first sentence of this paragraph. With respect to such deposition testimony, the witness under deposition or his/her counsel, and/or any counsel representing any Party or non-party at the deposition, may invoke the provisions of this Protective Order if such reasonably and in good faith believes the deposition testimony to contain confidential

information. Those portions of the deposition transcript so designated and any confidential documents that are marked as exhibits to the deposition shall be treated as confidential unless the Court orders otherwise, and shall be subject to the terms of this Protective Order.

10. Non-parties producing documents in this case pursuant to subpoena or other document request may designate such documents as confidential in accordance with paragraphs 4 and 7 above before production. If a Party wishes to designate documents produced by third parties as confidential, the Designating Party will have twenty (20) days, which may be extended by agreement, after the receipt of the documents to provide a log to the other Parties, identifying the confidential documents by Bates number, if available, or by other sufficient description to identify the documents to be protected under this Order. The Parties will then prominently mark the documents "CONFIDENTIAL" on all such documents in their possession.

11. Any Party may, at any time after production of information designated confidential under this Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. Within ten (10) days of service of the written objection, the Parties shall confer concerning the objection. If the objection is not resolved, the Party objecting to the designation shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation. The Designating Party shall bear the burden of proof on the issue.

12. Review of the confidential information by any person under paragraph 5 of this Order shall not waive the confidentiality of the documents or objections to production, nor shall the *in camera* disclosure of confidential information, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claim of confidentiality.

13. The inadvertent or unintentional failure to designate any information confidential pursuant to this Order or to assert a claim of privilege or work product immunity shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within ten (10) days of the discovery of the inadvertent or unintentional failure to so designate. At such time, arrangements shall be made for the Designating Party to substitute properly labeled copies or, in the case of inadvertently produced privileged or work product documents, the documents shall be returned forthwith to the Party claiming privilege or work product immunity, unless the Party possessing the documents in good faith disputes the claim that disclosure was inadvertent, in which case the Parties shall present their dispute to the Court through proper motions and briefs.

14. This Order shall not prevent any of the Parties from moving this Court for an order that information designated as confidential may be disclosed other than in accordance with this Order. Any Party may seek modification of this Order from the Court at any time; however, it shall remain in effect until such time as it is modified, amended or rescinded by the Court. Intervening parties and additional parties added to this Litigation after the entry of this Order shall be subject to its terms and conditions unless and until any such party obtains relief from the Court pursuant to motion and notice to the other Parties.

15. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought. The parties reserve all proprietary and other rights in any such documents and information produced in accordance with the Protective Order. Disclosure of such documents and information in accordance with the Protective Order is required by applicable rules of civil procedure and shall not be construed to constitute waiver of

confidentiality or any proprietary or other rights, or construed as consent to the use, disclosure, or publication of such information or documents except in strict compliance with this Protective Order.

16. This Protective Order is not intended to govern the use of the confidential information at trial. Questions regarding the protection of confidential information during trial will be presented to the Court prior to or during the trial as needed.

17. Subject to the other provisions of this Protective Order, this Order will not terminate at the conclusion of the Litigation. Within ninety (90) days after final termination of the Litigation (including any appeal), unless a different date is otherwise agreed by the parties, every confidential document produced by a Party to the Litigation during discovery (including any copy thereof) shall be returned to, and at the expense of, the Producing or Designating Party, except to the extent that Party agrees in writing that some or all of such documents may be destroyed in lieu of returning the documents; provided, however counsel of record may retain all pleadings, discovery responses, deposition transcripts, legal memoranda, correspondence and attorney work product. Each attorney of record shall certify his or her compliance with this section in writing, and deliver the certification to the Producing Party no later than ninety (90) days after final termination of the Litigation.

18. Neither the termination of this Litigation nor the termination of employment of any person who has access to confidential information shall relieve any such person from the obligation of maintaining both the confidentiality and the restrictions on use of any information disclosed pursuant to this Order.

IT IS SO ORDERED this 12th day of September, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE